Norman C. Kleinberg
Theodore V. H. Mayer
William J. Beausoleil
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004-1482
(212) 837-6000

*Attorneys for Defendant Merck & Co., Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x
IN RE:                                                                  :
Fosamax Products Liability Litigation          :          1:06-md-1789 (JFK)
                                                                        :
-------------------------------------------------------x
*This Document Relates to:*                        :          **ANSWER AND AFFIRMATIVE**
Diane Plasschaert                                      :          **DEFENSES OF MERCK**
v. Merck & Co., Inc. and                           :          **& CO., INC.;**
Novartis Pharmaceuticals Corp.                :          **DEMAND FOR JURY TRIAL**
                                                                        :
Case No: 1:08-cv-4097-JFK                       :
-------------------------------------------------------x

Defendant, Merck & Co., Inc. ("Merck"), by its undersigned attorneys, answers

the Complaint.  Merck denies all allegations set forth in the Complaint except to the

extent such allegations are specifically admitted below:

1.        Merck admits that Plaintiff purports to bring a civil action for damages,

but denies that there is any legal or factual basis for same.  Merck lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the allegations against

Novartis.  Merck denies the remaining allegations of Paragraph 1.

### PARTIES

2.        Merck lacks knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations in Paragraph 2.

3.      Merck admits the allegations of Paragraph 3.

4.      Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 4.

5.      Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations against Novartis in Paragraph 5.  Merck admits that it is registered to do business in the States of New York and Virginia and denies the remaining allegations of Paragraph 5.

## JURISDICTION

6.      The allegations contained in Paragraph 6 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph, except that for jurisdictional purposes only, admits that the amount in controversy exceeds $75,000.00.

## FACTUAL BACKGROUND

7.      Merck denies each and every allegation of Paragraph 7, except that it admits that Merck manufactured, marketed, and distributed the prescription medicine FOSAMAX® for prescription in accordance with its approved prescribing information.

8.      Merck admits that FOSAMAX® is a prescription medication approved by the federal Food and Drug Administration ("FDA") for prescription in accordance with its approved prescribing information and denies any allegations in Paragraph 8 inconsistent with that prescribing information.

9.      Merck admits that FOSAMAX® is a prescription medication approved by the FDA for prescription in accordance with its approved prescribing information and denies any allegations in Paragraph 9 inconsistent with that prescribing information.

10.     Merck denies each and every allegation of Paragraph 10.

11.     Merck denies each and every allegation of Paragraph 11.

12.     Merck denies each and every allegation of Paragraph 12.

13.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 13.

14.     Merck denies each and every allegation of Paragraph 14.

15.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 15.

16.     Merck refers the Court to the prescribing information for Aredia and Zometa, and denies any allegations in Paragraph 16 with respect to Aredia and Zometa inconsistent with that prescribing information.

17.     Merck refers the Court to the prescribing information for Aredia and Zometa, and denies any allegations in Paragraph 17 with respect to Aredia and Zometa inconsistent with that prescribing information.

18.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 18.

19.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 19.

20.     Merck denies each and every allegation of Paragraph 20, except that it admits that Ruggiero, et al., published an article entitled, "Osteonecrosis of the Jaws Associated with the Use of Bisphosphonates:  A Review of 63 Cases," Journal of Oral and Maxillofacial Surgery, vol. 62, p. 533 (2004) and respectfully refers the Court to said article for its actual language and full text.

21.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 21.

22.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 22.

23.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 23.

24.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the statement that Plaintiff took FOSAMAX®.  Merck denies each and every remaining allegation of Paragraph 24, including the allegations contained in subparagraphs (a) through (g).

25.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 25, including the allegations contained in subparagraphs (a) through (g).

## FIRST CLAIM FOR RELIEF

### [Strict Product Liability – Design Defect]

26.     Merck repleads its answers to Paragraphs 1 through and including 25, and by this reference hereby incorporates the same herein in this paragraph, and makes the same a part hereof as though fully set forth *verbatim*.

27.     Merck denies each and every allegation of Paragraph 27, except that it admits that Merck manufactured, marketed, and distributed the prescription medicine FOSAMAX® for prescription in accordance with its approved prescribing information.

28.     Merck denies each and every allegation of Paragraph 28.

29.     Merck denies each and every allegation of Paragraph 29.

30.     Merck denies each and every allegation of Paragraph 30.

31.     Merck denies each and every allegation of Paragraph 31.

32.     Merck denies each and every allegation of Paragraph 32.

33.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 33.

34.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 34.

35.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 35.

36.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 36.

37.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 37.

38.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 38.

## SECOND CLAIM FOR RELIEF

### [Strict Product Liability – Failure to Warn]

39.     Merck repleads its answers to Paragraphs 1 through and including 38, and by this reference hereby incorporates the same herein in this paragraph, and makes the same a part hereof as though fully set forth *verbatim*.

40.    Merck denies each and every allegation of Paragraph 40, except that it admits that Merck manufactured, marketed, and distributed the prescription medicine FOSAMAX® for prescription in accordance with its approved prescribing information.

41.    Merck denies each and every allegation of Paragraph 41.

42.    Merck denies each and every allegation of Paragraph 42.

43.    Merck denies each and every allegation of Paragraph 43.

44.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 44.

45.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 45.

46.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 46.

47.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 47.

## THIRD CLAIM FOR RELIEF

### [Negligence]

48.    Merck repleads its answers to Paragraphs 1 through and including 47, and by this reference hereby incorporates the same herein in this paragraph, and makes the same a part hereof as though fully set forth *verbatim*.

49.    Merck denies each and every allegation of Paragraph 49, except that it admits that Merck manufactured, marketed, and distributed the prescription medicine FOSAMAX® for prescription in accordance with its approved prescribing information.

50.     The allegations contained in Paragraph 50 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in Paragraph 50, and respectfully refers the Court to the relevant legal standard, including any conflict of law rules.

51.     Merck denies each and every allegation of Paragraph 51.

52.     Merck denies each and every allegation of Paragraph 52.

53.     Merck denies each and every allegation of Paragraph 53.

54.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 54.

55.     The allegations contained in Paragraph 55 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 55.

56.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 56.

57.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 57.

58.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 58.

## FOURTH CLAIM FOR RELIEF

### [Breach of Express Warranty]

59.     Merck repleads its answers to Paragraphs 1 through and including 58, and by this reference hereby incorporates the same herein in this paragraph, and makes the same a part hereof as though fully set forth *verbatim*.

60.     Merck denies each and every allegation of Paragraph 60, and respectfully refers the Court to the FDA-approved prescribing information for any and all representations contained therein.  Merck further avers that FOSAMAX® is a prescription medication approved by the FDA for prescription in accordance with its approved prescribing information.

61.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 61.

62.     Merck denies each and every allegation of Paragraph 62.

63.     Merck denies each and every allegation of Paragraph 63.

64.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 64.

65.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 65.

66.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 66.

67.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 67.

## FIFTH CLAIM FOR RELIEF

### [Breach of Implied Warranty]

68.     Merck repleads its answers to Paragraphs 1 through and including 67, and by this reference hereby incorporates the same herein in this paragraph, and makes the same a part hereof as though fully set forth *verbatim*.

69.     Merck denies each and every allegation of Paragraph 69, and respectfully refers the Court to the FDA-approved prescribing information for any and all representations contained therein.  Merck further avers that FOSAMAX® is a prescription medication approved by the FDA for prescription in accordance with its approved prescribing information.

70.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 70.

71.     Merck denies each and every allegation of Paragraph 71.

72.     Merck denies each and every allegation of Paragraph 72.

73.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 73.

74.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 74.

75.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 75.

76.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 76.

## PRAYER FOR RELIEF

Merck denies that Plaintiff is entitled to any of the relief requested in her Prayer for Relief.

WHEREFORE, Merck respectfully demands judgment dismissing Plaintiff's Complaint with prejudice and awarding Merck such other and further relief that the Court may deem just and proper.

## AFFIRMATIVE DEFENSES

Discovery and investigation may reveal that any one or more of the following affirmative defenses should be available to Merck in this matter. Merck, therefore, asserts said affirmative defenses in order to preserve the right to assert them. Upon completion of discovery, and if the facts warrant, Merck may withdraw any of these affirmative defenses as may be appropriate. Further, Merck reserves the right to amend its Answer to assert additional defenses, cross-claims, counterclaims, and other claims and defenses as discovery proceeds. Further answering and by way of additional defense, Merck states as follows:

## FIRST AFFIRMATIVE DEFENSE

Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations and is otherwise untimely.

## SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

## FOURTH AFFIRMATIVE DEFENSE

If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

## FIFTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff asserts claims based on Merck's adherence to and compliance with applicable state laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## SIXTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff asserts claims based upon an alleged failure by Merck to warn Plaintiff directly of alleged dangers associated with the use of FOSAMAX®, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

## SEVENTH AFFIRMATIVE DEFENSE

If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of the allegedly injured Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

Any liability that might otherwise be imposed upon this Defendant is subject to reduction by the application of the doctrine of comparative fault and/or negligence.

## NINTH AFFIRMATIVE DEFENSE

If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were only sustained after Plaintiff knowingly, voluntarily, and willfully

assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any medicine or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

## TENTH AFFIRMATIVE DEFENSE

If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

## ELEVENTH AFFIRMATIVE DEFENSE

If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiff's misuse or abuse of FOSAMAX®.

## TWELFTH AFFIRMATIVE DEFENSE

If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiff's pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases, or illnesses, idiosyncratic reactions, subsequent medical conditions or natural courses of conditions for which this Defendant is not responsible.

## THIRTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff relies upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part under the applicable state law because FOSAMAX® was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

## SIXTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks punitive damages for the conduct which allegedly caused the injuries asserted in the Complaint, such an award would, if granted, violate Merck's state and federal constitutional rights.

## SEVENTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless or grossly negligent and, therefore, any award of punitive damages is barred.

## EIGHTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks punitive damages, such claim is barred because FOSAMAX® and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Merck provided legally adequate "directions or warnings" as to the use of FOSAMAX® and any other medicine or pharmaceutical preparation Plaintiff alleges to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred under Section 4, *et seq.*, of the Restatement (Third) of Torts: Products Liability.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred under comment f to Section 6 of the Restatement (Third) of Torts: Products Liability.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of FOSAMAX®.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by failure to mitigate damages.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Merck's conduct conforms with medical knowledge.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

With respect to each and every cause of action, Plaintiff is not entitled to recovery for strict liability because Plaintiff cannot state claims founded in strict liability because,

among other things, comments j and k to Section 402A of the Restatement (Second) of Torts relegates Plaintiff's claims to a negligence cause of action.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

All activities of Merck as alleged in the Complaint were expressly authorized and/or regulated by a government agency.  Therefore, Plaintiff's claims pertaining to unfair or deceptive practices are barred.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

With respect to each and every cause of action, Plaintiff is not entitled to recover because if the product involved was unsafe, which Merck denies, then it was unavoidably unsafe as defined in Restatement of Torts.  The apparent benefits of the product exceeded any apparent risk given the scientific knowledge available when the product was marketed.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Merck's advertisements and labeling with respect to the products which are the subject matter of this action were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States, Virginia and New York Constitutions.

## THIRTIETH AFFIRMATIVE DEFENSE

The public interest in the benefit and availability of the product which is the subject matter of this action precludes liability for risks, if any, resulting from any activities undertaken by Defendant, which were unavoidable given the state of human knowledge at the time those activities were undertaken.  With respect to Plaintiff's

claims, if it is determined there is a risk inherent in the product which is the subject matter of this action, then such risk, if any, is outweighed by the benefit of the product.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

At all times relevant herein, any product which is the subject matter of this action manufactured and distributed by Merck in any state in the United States was manufactured and distributed in a reasonable and prudent manner based upon available medical and scientific knowledge and further was processed and distributed in accordance with and pursuant to all applicable regulations of the FDA.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

With respect to each and every purported cause of action, the acts of Merck were at all times done in good faith and without malice.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

To the extent there were any risks associated with the use of the product which is the subject matter of this action which Merck knew or should have known and which gave rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings in accordance with federal and state law.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff has not sustained an ascertainable loss of property or money.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff has not suffered any actual injury or damages.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred under the doctrine of economic loss.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

This case is more appropriately brought in a different venue as defined in 28 U.S.C. §1404(a).

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

This case is subject to dismissal and/or transfer to another venue pursuant to 28 U.S.C. §1406(a).

## THIRTY-NINTH AFFIRMATIVE DEFENSE

This case is subject to dismissal or stay on the grounds of *forum non conveniens.*

## FORTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims of fraud are not pleaded with the required particularity.

## FORTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff cannot recover for the claims asserted because Plaintiff has failed to comply with the conditions precedent necessary to bring this action and/or each particular cause of action asserted by Plaintiff.

## FORTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims for breach of warranty are barred because Plaintiff did not rely on such warranties and the claims are otherwise barred for lack of timely notice, lack of privity and/or because the alleged warranties were disclaimed.

## FORTY-THIRD AFFIRMATIVE DEFENSE

An asymptomatic plaintiff lacks standing because he has suffered no damages and no injury-in-fact.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff asserts claims based on Merck's adherence to and compliance with applicable state laws, regulations and rules, such claims are preempted by federal law under the Final Rule, Requirements on Content and Format of Labeling for Human Prescription Drug and Biologic Products, FDA Docket No. 2000N-1269 (January 24, 2006).

## FORTY-FIFTH AFFIRMATIVE DEFENSE

The substantive law of Virginia applies to Plaintiff's claims.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

Under Virginia law, Plaintiff cannot assert a claim for strict liability.

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

Any claim for punitive damages cannot exceed the maximum permitted under VA Code Ann. § 8.01-38.1.

_____

Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of its Answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery.

Merck will rely on all defenses that may become available during discovery or trial.

WHEREFORE, Merck respectfully demands judgment dismissing Plaintiff's Complaint with prejudice and awarding Merck such other and further relief that the Court may deem just and proper.

## **JURY DEMAND**

Merck demands a trial by jury as to all issues so triable.

DATED:      New York, New York
            May 29, 2008

Respectfully submitted,

HUGHES HUBBARD & REED LLP

By:_____/s/_____
    Norman C. Kleinberg
    Theodore V. H. Mayer
    William J. Beausoleil

One Battery Park Plaza
New York, New York 10004-1482
(212) 837-6000
kleinber@hugheshubbard.com
mayer@hugheshubbard.com
beausole@hugheshubbard.com

*Attorneys for Defendant Merck & Co., Inc.*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 29th day of May, 2008, I caused a copy of the foregoing ANSWER AND AFFIRMATIVE DEFENSES OF MERCK & CO., INC. to be served via first-class mail, postage prepaid, on the following:

BEATIE AND OSBORN LLP
Daniel A. Osborn
Russel H. Beatie
Philip J. Miller
521 Fifth Avenue, 34th Floor
New York, New York 10175

THE POWELL LAW FIRM, L.C.
269 South Beverly Drive
Suite 1156
Beverly Hills, California 90212

LAW OFFICES OF JEFFREY C. BOGERT
501 Colorado Boulevard
Suite 208
Santa Monica, California 90401

SPRIGGS & HOLLINGSWORTH
Joe Gregory Hollingsworth
1350 I Street NW
Washington, DC 20005

The above addresses have appeared on the prior papers in this action as the office address of the attorneys for Plaintiff.

Deponent is over the age of 18 years and not a party to this action.

I further certify under penalty of perjury that under the laws of the United States of America the foregoing is true and correct.

Executed on May 29, 2008

_____/s/_____
Shawn McEnnis